And we will move on to our final argument for this morning, Kleiser v. Chavez, case number 21-36029. Rachel Goldfarb Good morning, Your Honors. May it please the Court, Rachel Goldfarb here on behalf of the appellants Jim Kleiser and Advanced Electrical. Since the ratification of the Fourth Amendment in the 1700s, the American people have enjoyed a right to be secure against unreasonable searches and seizures. The Ninth Circuit and the Supreme Court have consistently held it unconstitutional to conduct a warrantless search in any context where a reasonable expectation of privacy exists. In 2018, the United States Supreme Court in Carpenter, which was a matter of first impression, was asked to determine whether the Fourth Amendment, the third-party doctrine, which is an exception to the Fourth Amendment or the warrant requirement under the Fourth Amendment, whether that applied to location information. But Carpenter was essentially an administrative request, or I don't know if they had a subpoena or not, of a third-party records custodian, whoever operated the cell towers for the data. Here we had a theft of electronic data that the person who stole it had access to by virtue of their position at the company. So why isn't this more akin to a private search as opposed to the search of third-party records that may impact your client? There are a lot of answers to that question because I think there were a lot of questions asked. I'll take the first. Yeah, I think you asked a few questions in one, so I'll try to deal with them. Break it up any way you want. Sorry. So first of all, Carpenter, Your Honor, is correct, was the case of a third-party records request from a custodian. I would take issue – I would agree with Your Honor, as the government has, that in this case there was a theft of records. It wasn't a theft of records because the former employees had access to the records. I'm sorry, and I just looked at the clock. I would like to reserve four minutes for my rebuttal, and I apologize. I didn't say that in the beginning. But anyway, back to it. The theft of the records, especially the location information, which is the majority of what we're here in appeal on today, the theft of the records occurred at a time after those individuals had left the employee. In fact, it was six weeks after. But also I would assert under a very clear reading of Carpenter that it doesn't matter. The Carpenter didn't differentiate where the records came from. It was any records coming from a third party in the matter of location information is what they focused on. It was the type of information, the location information, because of the broad reaches. But if it's a theft, it's a public – it's a private search, is it not? Well, we can talk about the private search. But it's not analogous to a third party custodian like a bank who has your account records or a trading company that has your securities. And that's why we're here today because we assert that it doesn't make any difference because the private search exception, which I believe is what Your Honor is referencing, is a progeny of the third party doctrine. It's the same thing essentially. If it's a private search, even if it's illegal, then the question becomes, was the government complicit in orchestrating the search? If the answer is no, the government might still be able to use the fruits of the private search so long as it doesn't exceed the scope of the antecedent search. I think if you want to get to the heart of it, this case really turns on whether or not the subsequent review of the data exceeded the scope of the antecedent search. I'd agree with you, Your Honor. And that's the most important part of this and what we focused on pretty heavily in the briefing is that there is absolutely no evidence before this Court as to the scope of that antecedent search. And I think what Your Honor is referencing, if you want to jump right into it, we go past Carpenter and we go into Wilson and Phillips. Well, actually, it's Young, then Wilson, then Phillips, which are all Ninth Circuit cases, where this Court, this Ninth Circuit Court of Appeals, has already done the legwork for us because we saw in Young the expectation of privacy in a hotel room, and then we went to Wilson, which was the, sorry, blanking on it. Young was the expectation of privacy in the hotel room. Wilson was in, oh, goodness gracious. Well, let me just ask you a specific question about that, which is how is the government supposed to determine that? Like when these documents are given to them, do they need to sit down then, I guess, and have an interview with them to say, okay, which of these have you opened up? Because there were, I forget the number, it was dozens of them. 488 pages. Yeah, so there were like 88 attachments and 11 e-mails and a thumb drive. So is the assumption that they can, I mean, what is the assumption that they can do with that information? Well, yeah, and so I think that you're actually making my point for me, Your Honor, and I appreciate that. When we go back to Jones, which was the 2012 U.S. Supreme Court case, the first time involving GPS location information, it was there under Jones that the Court determined that, well, a warrant was sought there, but it was there that the Court determined under Jones that location information, privacies of life, was to be protected at all costs. And even though there was a warrant, the government blew it in executing that warrant, and therefore the information wasn't protected. So are you asking us basically to declare that Jones and Carpenter overrule two recognized exceptions to the warrant requirement? No, I'm saying that they don't apply here. And the reason I'm saying they don't apply here is because the private search exception, and the reason I was referencing Jones is because Jones showed what we're meant to have in place, which is that there needs to be a warrant. But if there isn't a warrant and we want to apply the private search exception, then we have to go under Wilson and Phillips, which give us a two-prong approach that has to be followed. In Wilson, this Court expressed that two-prong approach, which first you have to specifically define the scope of the antecedent search, and then in the second case, the government has to prove, and the burden is on the government to prove that it did not exceed that scope. Should we remand this case to the District Court to conduct an appropriate evidentiary hearing? It's certainly an option, but it's not what we seek here, and there's two reasons. But if I can real quick, I wanted to talk about Phillips, because Phillips was just decided this year by this Ninth Circuit, and Phillips, I think, not only shows this Court the picture of what it looks like, it literally was a demonstration or a demo guide of what it has to look like in order for that private search exception to apply. And in Phillips, first they documented in video, they documented what that antecedent search looked like, and then the government documented that their search went no further. And so the problem here, and we discussed this in the briefing, is that discovery is closed in this case. There is absolutely no evidence in this case of any sort with regards to the scope of the antecedent search. But if we remand and direct the District Court to conduct an evidentiary hearing, it can reopen discovery, can it not? It can reopen discovery, but I would suggest to this Court that it makes no difference, and here's why it makes no difference. Your position is that the government should have done it, and they shouldn't get a second bite of the apple when they failed to do what they should have done in the first court. I suppose that's part of it, but this was a ruling on summary judgment in favor of the government on the government's motion for summary judgment, which means that the facts had to be decided in favor of the non-moving party, which was Mr. Kleiser and Advanced Electric. And if this Court looks to, I think it's 2 ER 106, the government admits that the GPS data that was stolen, the location information, was dated 5-21-18. We know that those 500 pages, 18,000 pinpoint locations, was provided to the government a day and a half later. We also know from the record that the government then sat with that information for 10 months before issuing citations. So the weight of the evidence here to be able to suggest that an individual who stole records and provided them to the government a day and a half later conducted an antecedent search of those 18,000 pinpoint locations, we know that that individual is busy because we have the email chain with the government making that individual its informant. So don't we have even clearer, I mean, the thing that I'm trying to figure out with the remand question is what we know is that these two employees who took this stuff from their employer have both indicated they're going to assert the Fifth Amendment. So there's nothing to get from them in terms of what they did or didn't. I mean, maybe they spent all night long reviewing all those files, but we're never going to know that, right, because they're not going to testify. I agree, Your Honor. We're never going to know that, and there is nothing in the record as it stands today that says otherwise. And I believe the burden was on the government. The position is that a remand for an evidentiary hearing would be futile. It would be. Because the government cannot bear its burden. That's right. And in the evidence before this Court is two things that should be paid pretty close attention. The woman was convicted, and I assume she spent some time in jail. That's a great question, and I don't. I have followed the cases. So if that's true, she might not have a Fifth Amendment privilege extant. I don't know if those cases have all been resolved. I don't have a good answer for you. But we really don't know whether or not a year later they would still rely on their Fifth Amendment rights. I don't know if they would rely on their Fifth Amendment rights. But what I do know is a few things. I know that the government in its evidence did include a declaration of the government inspector who made these individuals his informant, and it says nothing about the evidentiary. When you say made the individuals his informant, they clearly were informing on your client. But when we use the term informant, what we usually mean is that the government signed them up, maybe they paid them. That's right, and that exists in this case. Well, I'm not so sure based on my reading of the record. Yeah, and I believe that the evidence makes very clear in this case that the information, the location information, was certainly taken a day and a half before the contact was made or the documents were provided. Didn't the district court make a factual determination that they were not acting at the direction of the government when they took the data? And it is our position that the evidence in the record on appeal and before that court clearly shows that there was, in fact, communications and evidence or telephone conversations recorded after that time. The problem I'm having here is I have serious doubts about the district court's finding that Judge Tallman just referenced that these people were actually private actors and not government actors at this time. I agree with you. But you didn't challenge that on appeal, so I feel like my hands are tied there. What do I do with that? Well, because we weren't focused on whether they weren't government actors because that has no bearing on the private search exception. Well, no, that's not true. It's an element of the private search exception, and so the district court made a finding so the issue was clearly before the district court, but you haven't put that issue before us. We haven't put the issue before you. On whether these people were private actors or whether they were government actors? And I'll explain why. Because what we're here on today is the application of Carpenter and the private search exception. So you've made a choice to sort of limit the scope of the issues that you want us to look at. So if we disagree with you on the Carpenter question and we're just left with the private search exception, the only issue you're raising to us is the scope of the search. Am I correct? Well, no. First of all, there's the Washington Privacy Act, which we haven't gotten to. That's a whole different thing. It is a whole different thing. So we're focusing on just the Fourth Amendment claim. The only thing that we have is the scope of the search. Is that correct? Is the scope of the search. No, I disagree with that assertion because we're going to take it a step back, which is that the application of the private search exception itself is only dependent on the case of Jacobson, which has not been addressed, which is why we asserted this as a case of first impression. Jacobson is the only way that the private search exception gets to this case, and Jacobson was based on the very same Smith and Miller that were already declined to apply to location information under the Carpenter case. So although Jacobson hasn't been overturned, this court in Wilson, and this is sort of the gist of our argument, is that this court in Wilson left the door open to exactly what we're here talking about today. If you look at Note 9 of the Wilson decision of this court from 2021, the court left the door open in stating that the precepts of the private search exception are almost the same as the third-party doctrine, and therefore the application to location information for a warrantless search... Okay, so essentially Carpenter said full Fourth Amendment protection for all location information. And what we have... Carpenter didn't say we're displacing the private search exception. I agree. Wilson is where we come to that, and Wilson is this case. And Jacobson... I'll just be candid with you. I don't understand the distinction that you're trying to draw here. I don't understand what it matters, what kind of information these two employees were gathering and then providing to the investigators. Because the Supreme Court has said it matters. The Supreme Court in Carpenter, that was what the entire decision was dedicated to. Times are so different, and there is nothing in Carpenter that says that it's displacing these well-established exceptions to the Fourth Amendment. Carpenter didn't get to the private search exception because it wasn't before it. Wilson and Phillips are the two that get to the private search exception. And I appreciate Your Honor's take on this, but I would still reassert to you that as it applies to location information, in the Carpenter case, it was almost an identical... Carpenter said it doesn't matter. Carpenter says it's location information. But when we look at the information that was provided, it was 121 days of location information received that the government used in combination to deduce a detailed log of the movements. The retrospective quality of the data gives the government access to a category of information otherwise unknowable. That's what we're talking about here, is the 488 pages of location information. And that dovetails with Your Honor's question, which was why didn't we challenge whether these were informants? Because we know the only thing they provided after they became informants was they continued to record conversations at the behest of the government. And that's not what we're here for. What we were here for is the private search exception, which, again, I would like to point out one more thing. And this is the evolution. I don't believe that the government was arguing the private search exception. And I think that can be very clearly seen in the record. Counsel, how do you distinguish the Supreme Court statement in Carpenter? I'm reading from 138, Supreme Court Reporter 2220. Our decision today is a narrow one. We do not express a view on matters not before us, real-time CSLI or tower dumps, a download of information on all the devices that connected to a particular cell site during a particular interval. We do not disturb the application of Smith and Miller or call into question conventional surveillance techniques and tools such as security cameras, nor do we address other business records that might incidentally reveal location information. So it seems to me you're asking us to do what the Supreme Court said it was not doing in Carpenter, and that is extend the rule in Carpenter, in essence, to invalidate the private search exception as it relates to GPS information. And that's not what I'm doing, Your Honor. What I'm doing is I'm asking this Court to read the Carpenter decision for the privacy implications of the location information that was involved here. Nobody's questioning that it's protected. The question is whether or not that protection can be invaded and therefore constitute an exception to the warrant requirement because it was a private search. Which is Wilson and Phillips, and it would be our position under Wilson and Phillips that the two prongs were not only not explored by the district court, but certainly there was no evidence of those two pronged, the two-pronged approach, either the antecedent search or the search that was meant to mimic that. There's nothing in the record. So the district court took a huge leap of faith, and the final thing I'd like to say on this, and this is one of the things that I'm sure will come up in counsel's argument, is that we failed to challenge the assertion that the evidence was based on hearsay, but it would be our position that there was no evidence, and that's exactly the problem. And you'll see in the brief before you that there is no citation to the record, either in the earlier case or on appeal, because there is no evidence. And so, therefore, even if the private search exception is an exception to the warrant requirement, here it wasn't met, or it was never even explored. So perhaps remand for an evidentiary hearing is the way to handle it, but it would still be my take that there is nothing more to get because these individuals have pled the fifth, and we know they had the documents for a day and a half, and perhaps they stayed up all night, but the weight of the evidence on summary judgment doesn't get us there. So I appreciate Your Honor's time. I'll reserve, hopefully, a few minutes for rebuttal. Yeah, we'll give you a little bit of time. Thank you, Your Honor. Good morning, Your Honors. Tara Heintz, Deputy Solicitor General, arguing on behalf of the state defendants. The state's review of documents voluntarily provided by private parties detailing Mr. Electric's dangerous practice of using unlicensed electricians does not violate the Fourth Amendment. This Court should affirm summary judgment of Mr. Electric's 1983 claim for two reasons. First, Mr. Electric's primary argument here is waived. Mr. Electric has shifted its entire theory of liability on appeal, but it never argued or even alleged below that the state exceeded the scope of the private party search. And second, Mr. Electric bore the burden of proof here. This is a civil 1983 action, not a criminal suppression hearing. The private party here, Mr. Electric, bore the burden of proof that the state's search was unconstitutional. That's established law under Larez v. Holcomb, 16 F. 3rd, 1513, and Mr. Electric did not meet this burden. I want to start first with the waiver argument. Mr. Electric did not just assert a different theory. It's actually an inconsistent theory with the one that was alleged in the complaint and the one that was argued to the district court. This case is not like the Wilson case, in which it was undisputed that the Google individuals, no Google employee had actually opened or looked at any single document. Here, plaintiffs argued, Mr. Electric argued, that the private parties here actually conducted the search and they did so as agents of the state. So their entire theory was... But that, hold on, that's very different. There's no question that they, that the documents were produced by private parties, whether they were acting in conjunction with the government, I suppose, is a separate question. But the question is, was there any evidence that the government had about what the antecedent search was? And the government only seemed to put forward a couple of affidavits, none of which really laid out what the contours were. So why don't they have enough evidence to suggest that the government didn't even do what was minimally necessary to figure out what the antecedent search scope was? Well, I have two points, Your Honor. First, there was evidence, and the evidence was provided by plaintiff. Plaintiff argued in their complaint and in the summary judgment that the private parties were not only intercepting, and this is a quote, not only intercepting and recording plaintiff's private communications, but she was searching through the information  and conducting remote, real-time GPS surveillance of the plaintiff's employees. They also asserted in their first amended complaint... Hold on. I thought that was different from the 88 attachments in the e-mails, in 11 different e-mails that were provided. They are citing two of those 88 e-mails in making the argument that there was a real-time search. The document, this is very unlike the case in Wilson, where the document that was provided by the private parties was accessed from a third-party database by the private party. She was doing the search by accessing the third-party database. She downloaded all of that information. Every single page of that information is bait-stamped, the date on which she actually accessed that information. She bait-stamped it before she turned it over to the government? It was, sorry, time-stamped. They were time-stamped. So when she created the document, a time-stamp occurred on every single page of those documents. So you're saying that where there was a time-stamp, the government was then... it was in their right to review those documents because that suggested that that was consistent? It's certainly evidence. But actually, I actually think we could step back further because under the law, simply reading the documents that are provided by a third party is not a search under the Fourth Amendment. This court addressed this precisely. I thought the government did more than that here.  geolocation detail on some of the documents. Yes, that's right, Your Honor. You're exactly right. So what the third party did was the private party took the information from a third-party database, downloaded it to a PDF. She labeled those PDFs with the person who was involved, showing that she was looking at the information, she knew whose information it was, and then sent that in an electronic document to the government. But here, it was very clear that she had looked at that document, she had accessed that document. I don't know. I mean, Wilson is an interesting case, and I'm not entirely sure I agree with it, but it says that if the government learns new information in looking at the documents or whatever it was provided that the sender didn't know, that that's exceeding the scope of the private search. And I'm not sure that a timestamp on a document for when it was downloaded shows us that the person who's sending that information on knew the contents. What tells us that? Okay, so, Your Honor, that isn't actually the test legally. U.S. v. Wilson involved a container within a container. Google never opened that initial search. So that was undisputed. There was never any search by the private party. And so the question was a little bit different here. What this court addressed in U.S. v. Snauzatsky  And that case is at 7-23rd. Wasn't it established in Wilson? Was it clearly established in Wilson that they didn't open the files? Because my recollection of reading that case is that they sent on these files, and they said, this is child pornography with a minor. And then the government gets it, and Wilson says, well, the government now knows for a fact that that description is true because they looked at the files, they can see the age of the person depicted, they can see that it is pornography. So we've learned something new. Again, I'm not sure I follow that reasoning, but it is what it is, and it's binding on us. Your Honor, U.S. v. Wilson, it was undisputed. They never opened the file. Google never opened the file. They had run a computer algorithm to determine whether or not it matched prior files. You have circumstantial evidence to indicate that these files were opened. They were opened. They had to have been opened. The only way that this information... But the evidence that you're telling us here, I don't read that in the affidavits that were presented to the district court. Like, all these arguments, and maybe your argument is, well, yeah, that's because this was never challenged. So we get back to your waiver argument. But I think that's what's unsettling me a little bit here, is I don't think... I mean, the district court didn't try to even come up with what the antecedent search was. Well, Your Honor, it wasn't ever challenged. There was never an argument that it exceeded the antecedent. Okay, so this was a waiver argument. Yes. But you would agree that the arguments you're raising here about the circumstantial evidence, the date stamping, I mean, that wasn't really presented... I mean, this is all inferences you're making from evidence below, but that was never presented to the district court. At least the district court didn't rely on any of that. It wasn't presented exactly like this, but I would argue that it isn't an evidentiary question. It's a legal question. And that's what this court addressed in U.S. v. Snowadzki. And so that involved a production of logbooks to the IRS. The IRS could read those documents, and this court explicitly held when those documents are provided to the government, it doesn't matter whether they were illegally obtained or not. When they're provided, the government may use that, and that is not even a search. To read those documents are not a search under the Constitution. You can use them in... But I thought there was allegations that the government went further than just reading the documents. No, Your Honor, not with respect to the actual documents. They were PDF files. The government looked at them. I mean, they were PDF files of GPS location data. They looked at them. Your position, then, is that in order to download the information of necessity, they had to look at them before they downloaded them, to know that that's what they were downloading? Well, one, as a matter of fact, yes. And two, as a matter of law, it doesn't matter. It doesn't matter. Even if they had never opened the book, if they're providing that information to an individual... Well, it does matter to the extent of the container within a container. Exactly. Be careful, counsel. Agreed, Your Honor. To the extent it's never opened the container within the container, which is the U.S. v. Wilson case. Those attachments were never opened. Do you have your record before you? I'd like to refer you to ER 16, which is page 14 of the district court's order. I just want to make sure I understand the facts here. Okay. It looks to me, under the heading did defendants exceed the scope of the antecedent private search, that the district court was basically saying they never objected to the scope, therefore it was not a material issue of fact that the court had to resolve on summary judgment. But the only citations to the district court's reasoning are, it appears to me, to the pleadings as opposed to any evidence. They're basically citing to dock at number 33 at 13, which I think was one of the party's briefs. And then the court dropped a footnote and again is citing to basically the response to plaintiff's motion for summary judgment and so on. There's no evidence at all cited. Well, certainly on Rule 56, referring to the pleadings is sufficient to show they didn't make an argument. They had argued that the private party conducted the search. They had alleged in their complaint that they were doing it simultaneously, they were intercepting it, they were looking at it, and their entire theory of the case was predicated on that private party's search. So on a Rule 56 motion, the trial court was well within its rights to rely on the pleading that the search had been conducted. They are not arguing that there was any exceeding of the antecedent search on summary judgment. And so under Rule 56, it was well within the court's authority to determine that that was not a disputed issue of material fact. Can we conclude that as a matter of law the district court got it wrong that these guys were private actors? Should we address that point? No, Your Honor. That argument was absolutely abandoned. That argument has not been... A minute ago you said that it's different when it's a legal question versus an evidentiary question. No, Your Honor. Still the argument was abandoned. I'm saying that the issue of whether or not the third parties viewed the documents or read through them is not legally relevant because under Snowadzki and under Berdow which is the case that originated the private party exception which is a U.S. Supreme Court case if the private party is bringing documents to the government, the government may read those documents and use them in a criminal prosecution and that does not offend the Fourth Amendment. The private party exception has been around since the 1920s. It's long established. In Berdow, the private parties broke into a private office. They blew up a safe. They brought a whole bunch of books and documents to the government to use and the government used that information in a criminal prosecution. There was never any argument that there needs to be a warrant in order to read and use those documents. This Court has said that under the private party exception one thing we have to look at is whether the private party had their own independent reason for doing whatever they did and that their reason wasn't just limited to helping out law enforcement. I know that because we've issued a recent opinion about this and discussed it at some length. I look at this case and I have no indication that these two employees had any sort of private purpose other than trying to get their employer in trouble with state investigators. Your Honor, both conditions must be met in order to show that the private party search does not apply. So for example, if the private party... Do you agree with me that the District Court cited that rule, recited that rule, did not apply it? Legal error in my mind. And you want me to just leave that alone? No, Your Honor. The Court held that they were not... So the Court applied the right test. It does not need to find that both conditions are met. Each of those conditions could be a separate reason why the private party search applies. So if the Court didn't know about or the State didn't know about or acquiesced in the search, it's not a private party search. Even if that first condition is met, the second condition must also be met. So U.S. v. Sherwin is a case that would say that. There are a number of different cases. It's established law that both conditions must be met. I believe U.S. v. Young might have also gotten into that issue. The Court must... I mean the State must know about and acquiesce in the search. And even if it did, if the private parties had an independent reason for conducting the search, it's still a private party search, even if the State knowingly acquiesced and participated in the search. I want to be clear on your position. Is your position that we shouldn't get into the merits of either one of those questions because it's waived? Or is your position that the District Court's decision is legally justified? Both, Your Honor. The arguments have been waived. The plaintiff has not met its burden of proof here. They bore the burden to prove that the State exceeded the antecedent search. It did not meet that burden. And third, the District Court was absolutely correct. If the State does not know about or acquiesce in the private party search, then the private parties are not agents of the State, full stop. It doesn't even matter what the third party's independent motivation is if that first condition is not met. And here, the Court looked at the evidence. They examined the timeline very carefully. They determined that the private party was not acting as an agent of the State. And then plaintiffs never appealed that decision. That argument has now been abandoned. It is not properly before this Court. Your Honor, I'd like to just make two more points. I think this Court is right on that Carpenter does not apply. This Court has held that Carpenter does not apply categorically, even to GPS information. So in the Sanchez v. L.A. County case, this Court held that Carpenter is a very narrow opinion. The rationale of the Court was not based on location data in general, but on cell site location information. It was unique because of the privacy interests implicated by cell phones, carrying cell phones around everywhere you go. It's become essentially an appendage of human anatomy. And so here, it's very different. Here, we have the private search exception, which is an entirely different exception than Carpenter. Carpenter, you had government action. Here, you do not. Second, the nature of the privacy interests is very different here. It's not individualized privacy interests. It is corporate interests that were given to numerous third parties, including every single person on the administrative staff here. So it's a much lower privacy interest that was at issue. And the burden of proof is different. Plaintiffs bore the burden. For all these reasons, we'd ask that the Court affirm the District Court. Thank you. We'll give you two minutes for rebuttal. Thank you very much, Your Honor. I wanted to clarify a few sort of misassertions, and I think Judge Forrest, picked up on this. And it's mentioned in our briefing, but there was a pretty serious twisting of the facts here by the State just a moment ago when they began to rely on the evidence of the cell phone interceptions that was occurring during the e-mail communications between the parties, which is entirely separate and apart from the location information that we're here talking about, or we've spent all this time talking about. And I think that that's an important distinction, in that it was not the cell phone... You wouldn't disagree that if they just read the documents, that would not have been a Fourth Amendment violation. I do disagree. Under Carpenter at 2022, government acquisition of location information is a search within the meaning of the Fourth Amendment. Obtaining info from a third party does not overcome the claim to the Fourth Amendment protections. And I don't see how we get around this. I understand that the exception here is different, but it's a progeny of the same exception, and the Wilson and Phillips decisions of this Court stem directly from that. And I believe that they make clear that the... as it was pointed out today, that the government did not meet its burden. It's not our burden. And I wanted to talk for one second. She raised... I hadn't thought about it this way. It's the government's burden as to the Fourth Amendment violation itself, you know, in a criminal case. But where's the case that says in a 1983 case that the government still bears the burden? The government... The burden at summary judgment is not the burden at trial. The burden at summary judgment is the burden of the moving party. And I think that's where we've again sort of twisted the facts here. A trial court can consider only admissible evidence in ruling on a motion for summary judgment, and it must be properly supported. That's Frazier. That's actually the Momix case that... Counsel, if you didn't challenge those two critical rulings... There was nothing to challenge, Your Honor. There was no evidence. We have to challenge the evidence, not the opinions of counsel. And if you look closely... Well, where the district court says that you're not challenging the issue that you now want to appeal, why haven't you waived? I guess I'm not following, and I'd love to be able to clarify that, because the assertion was that we didn't challenge we didn't challenge the evidence. You didn't challenge two things, that they were government actors or the antecedent scope. Right. Right. The antecedent scope, there was no evidence. We had no burden to contest something that didn't exist. If I can direct you to the record, which it's in our briefing, and I would encourage you to look very carefully, the portion of summary judgment, I believe it's 2 ER 111, which is the government's entire argument on this point, it cites to no evidence. It had no evidence. Literally, all the government said was the attorney's argument that what we did didn't exceed what the people before us did, and the district court ate that up. There was nothing to challenge, because there was no evidence.  the evidence, and there was none. It was the opinion of an attorney in the briefing. You bear the burden here to establish a 1983 action. You bear the burden to say to prove that there was a Fourth Amendment violation. I bear the burden to prove right at trial. Correct. Right. But this was the government's motion. Is there a material dispute of fact sufficient to show a Fourth Amendment violation here? I think that's the question we're trying to... Of course there is, because the government acquired the location information by way of theft, but from a third party. Carpenter tells us that the acquisition is a search within the meaning of the Fourth Amendment, and then the government used that information to then issue citations of law. They didn't read the documents. It does seem from your argument today that it all hinges on Carpenter, and if we disagree with you on Carpenter, you lose. It doesn't. It hinges on Wilson and Phillips. This court has already dictated what it looks like to have a private search exception take us out of the per se category of the constitutional requirement of a warrant. It is per se unreasonable to access the private information of any citizen, and in this case, the government did exactly that. I would love for you to just focus on the fact that I think it's at 4 ER 468 where the government, Mr. Chavez, the government inspector admits that these GPS records were used in its investigation, so they didn't merely read them. They exceeded the scope of a search that we don't even know if it existed, so of course then it's an excessive search, and then the government used that to issue citations, and so it would be our assertion that the government acquisition was a search, and it was an exceptional exception. The private search exception is all they have left, and if I could Thank you, Your Honor. Thank you very much. Thank you to both counsel for your presentations today, and that concludes the session for today. Thank you. Yep. There we are.
judges: TALLMAN, NELSON, FORREST